USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 10/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN GILLIAM,

                Plaintiff,

-against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

**OPINION AND ORDER**

17 Civ. 3764 (ER) (BCM)

---

Ramos, D.J.:

Brian Gilliam ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. Pending before the Court are the parties' cross-motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). On September 5, 2018, Magistrate Judge Barbara C. Moses issued a Report and Recommendation (the "R&R"), recommending that the Commissioner's motion be granted and Plaintiff's motion be denied, and notifying the parties that they had fourteen days from service of the Report to file written objections. Doc. 23. On October 15, 2018, Plaintiff submitted his objection to the R&R. Doc. 28.

## I.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 635 (b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also*

Fed. R. Civ. P. 72(b)(2). A district reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636 (b)(1)(C); *see also United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F.Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

## II. Discussion

Plaintiff's objections repeat the same arguments previously made, nearly verbatim, in his original memorandum in support of his Motion for Judgment on the Pleadings. *See generally* Doc. 19. Indeed, Plaintiff points to no fact that the R&R overlooked or misconstrued, and no legal conclusion that he argues constitutes error. Consequently, the R&R is not entitled to *de novo* review; the Court instead reviews it for clear error. *See Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) ("[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). The Court has carefully reviewed Judge Moses' thorough and well-reasoned

R&R and finds no error, clear or otherwise. Accordingly, the Court adopts the R&R in its entirety. The Commissioner's Rule 12(c) motion is GRANTED, and Plaintiff's is DENIED. The Clerk of Court is respectfully directed to enter judgment, terminate the motions, Docs. 18 and 20, and to close the case.

It is SO ORDERED.

Dated: October 15, 2019
        New York, New York

                                                  Edgardo Ramos, U.S.D.J.